PER CURIAM.
Appellants owned a parcel of land adjacent to one in which the appellee held an interest and on which he proposed to erect improvements. Appellee engaged the defendant landscape company to remove certain trees from his parcel. However, the landscape company also removed certain trees and plants from appellants’ land, and appellants filed this action for damages.
The cause was tried in the circuit court without a jury. At the close of the plaintiffs’ case defendants moved for a directed verdict, or, more properly for dismissal on the ground that upon the facts and the law the plaintiffs had shown no right to relief. See rule 1.35(b), F.R.C.P., 30 F.S.A. As to the individual defendant, the appellee here, the trial court granted the motion and entered judgment thereon. This appeal challenges that judgment. On the similar motion of the defendant landscape company, the court ruled the facts disclosed were insufficient upon which to base punitive damages, but denied the motion for directed verdict or dismissal as to that defendant. Subsequently judgment was entered in favor of the plaintiff against the landscape company for compensatory damages only. The latter ruling is not involved on this appeal.
 Appellants contend the trial court committed error by granting the motion to dismiss of the individual defendant at the close of the plaintiffs’ case, and ruling out punitive damages. We find appellants’ contention to be without merit. The evidence *50 -was insufficient to support an allowance of punitive damages. The testimony of the individual defendant, who was called by plaintiffs as an adverse witness, disclosed he pointed out the location of the boundary line to the agent of the defendant landscape company whose employees later removed certain trees and plants from appellants’ land. No reversible error having been made to appear, the judgment appealed from is hereby affirmed.
Affirmed.